*Not for Publication*

**FILED**

JUN -5 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 12-17088

Frank Jeffrey Ketscher
and Carol Kathleen Ketscher,

        Debtors.
_____/

**MEMORANDUM DECISION**

(Corrected)

Should the bankruptcy court reopen a Chapter 7 case to allow the debtors to attack the foreclosure of their residence that occurred after the case closed, over which the court has no jurisdiction and from which the bankruptcy estate will not benefit?

**FACTS**

Debtors Frank Ketscher and Carol Ketscher ("Ketschers") filed a Chapter 7 bankruptcy. On the date of the petition, the Ketschers owned real property, in which they resided, located at 33390 Antelope Lane, Squaw Valley, California. That property was listed on Schedule A. The property was encumbered by a lien in favor of JPMorgan Chase Bank. The Chapter 7 trustee filed a Report of No Distribution, the Ketschers received a discharge and the case closed.

Six months after the case closed, JPMorgan Chase foreclosed its deed of trust, divesting the debtors of title.

The Ketschers now move ex parte to reopen the case for the expressed purpose of converting the case to Chapter 13 and filing an adversary proceeding to determine the validity of the foreclose sale. The basis of the adversary proceeding is JPMorgan Chase's alleged lack of ownership of their loan, false promises of loan modification during the bankruptcy, and violations of applicable provisions of state foreclosure law, as well as common law torts, that occurred post-petition.

**JURISDICTION**

This court has jurisdiction. *See* 28 U.S.C. § 1334; General Order No. 182 of the U.S. District Court for the Eastern District of California. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A),(O).

# DISCUSSION

## I. Standards for Reopening Under § 350(b)

Section 350(b) provides, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." *See also*, Fed. R. Bankr. P. 5010. In most instances, a motion to reopen "presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed and whether the circumstances of reopening necessitate payment of another filing fee." *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 916-17 (9th Cir. BAP 1999). Here, none of the enumerated grounds support reopening.

## II. Attacking the Foreclosure

Among the acceptable reasons for denying a motion to reopen is the lack of jurisdiction to grant the underlying requested relief. *In re Ray*, 624 F.3d 1124, 1136 (9th Cir. 2010).

Bankruptcy jurisdiction is a creature of statute. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995); 28 U.S.C. §§ 157(a), 1334. Section 1334 limits the reach of that jurisdiction to, "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "Arising under" proceedings are those "that involve a cause of action created or determined by a statutory provision of title 11." *Matter of Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987), *cited with approval in In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995). "Arising in" means "administrative" matters that arise *only* in bankruptcy cases" and refers to proceedings "that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Wood*, 825 F.2d at 96-97; *Harris Pine Mills*, 44 F.3d at 1435. "Related to" jurisdiction refers to disputes in which

1  "the outcome of the proceeding could conceivably have any effect on the
2  estate being administered in the bankruptcy." *In re Fietz*, 852 F.2d 455,
3  457 (9th Cir. 1988). "An action is related to the bankruptcy if the
4  outcome could alter the debtor's rights, liabilities, options, or freedom
5  of action (either positively or negatively) and which in any way impacts
6  upon the handling and administration of the bankrupt estate." *Fietz*, 852
7  F.2d 457. Moreover, where as here, the underlying case has been closed,
8  the matter to be pursued upon the reopening must have a "close nexus" to
9  the bankruptcy estate being administered. *In re Pegasus Gold Corp.*, 394
10 F.3d 1189, 1194 (9th Cir. 2005). "Arising under" and "arising in" are
11 not in play here, and the only basis for bankruptcy court involvement is
12 the more narrow post-closure "related to" jurisdiction.
13     The first reason to reopen this case is to pursue an claims against
14 JPMorgan Chase in an effort to recover the Ketschers' residence. But
15 neither the residence, nor the causes of action arising under state law
16 to recover it, affect the Chapter 7 estate. Upon closure, the estate
17 abandoned its interest in the Ketschers' residence. 11 U.S.C. §554(c).
18 Reopening the case will not revest that property in the estate. *Menk v.*
19 *LaPaglia (In re Menk)*, 241 B.R. 896, 913-14 (9th Cir. BAP 1999). Since
20 each of the alleged acts that give rise to state law rights against
21 JPMorgan Chase occurred post-petition, those causes of action were never
22 property of the estate. *Compare*, Declaration of Carol Kathleen Ketscher
23 ¶¶ 4, 5, May 20, 2014, ECF # 24, *with* 11 U.S.C. §§ 541(a). As a
24 consequence, the estate has no stake in the outcome of this dispute and
25 the court lacks jurisdiction to afford the relief requested.
26 **III. Converting to Chapter 13**
27     Section 350(b) authorizes reopening to administer assets, provide
28 the debtor relief or for other cause.

 1     The second reason for reopening the case is to convert it from Chapter 7 to Chapter 13, apparently either to create standing to pursue the adversary proceeding against JPMorgan Chase, see *In re Cohen*, 305 B.R. 886 (9th Cir. BAP 2004)(avoiding powers), or to cure the deed of trust arrearage due JPMorgan Chase, 11 U.S.C. § 1322(b)(3). But no cause exists here. This court does not have jurisdiction to entertain the challenge the Ketschers wish to prosecute and, as a result, standing will not support a motion to reopen under § 350(b). Moreover, the residence lost after closure of the Chapter 7 case, the Ketschers have no ability to cure the arrearage, unless and until they recover the property.

**CONCLUSION**

For the reasons stated, the motion is denied without prejudice.

Dated: June __, 2014

                                    Fredrick E. Clement
                                    United States Bankruptcy Judge

## Instructions to Clerk of Court
### Service List

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

 Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ___X_____ Other Persons Specified Below:

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721